UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT GIERWATOWSKI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRADER JOE'S COMPANY <br><br> Defendant. | Case No. 21-cv-1119 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant's Motion to Transfer [8]. For the reasons set forth below, the motion is granted.

**I.      Background**

This case arises from defendant's almond granola cereal, which is marketed as containing vanilla and other natural flavors. Plaintiff claims that the cereal actually contains artificial vanilla, not natural vanilla, and that the cereal's marketing is misleading. Plaintiff alleges that defendant's labeling and marketing of the cereal violates the Illinois Consumer Fraud and Deceptive Business Practices Act and claims breach of warranty, negligent misrepresentation, fraud, and unjust enrichment.

This case was filed after plaintiff's counsel filed similar class actions in California and New York challenging defendant's marketing of vanilla cereals. Plaintiffs voluntarily dismissed the two class actions in New York, but the California class action is still being litigated in the Northern District of California. Defendant moves to transfer this case to California under 28 U.S.C. § 1404 and the first-filed rule.

1

II.     **Legal Standard**

Under 28 U.S.C. § 1404(a), courts may transfer an action to a more convenient district. District courts have discretion in evaluating motions to transfer after considering, on a case-by-case basis, convenience and fairness.  *See Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).  For the convenience prong, courts consider "the availability of and access to witnesses, [ ] each party's access to and distance from resources in each forum…location of material events[,] and the relative ease of access to sources of proof."  *Id.* at 978.  In determining whether a transfer would be "in the interest of justice," courts consider factors such as "docket congestion and likely speed to trial in the transferor and potential transferee forums," "each court's relative familiarity with the relevant law," "the respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy."  *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707–08 (7th Cir. 2020) (citing *Rsch. Automation*, 626 F.3d at 978).

III.    **Analysis**

Plaintiff's legal theories and claims are similar in both complaints.  For example, both complaints include claims of breach of warranty, fraud, and unjust enrichment.  The factual allegations in both complaints are almost identical.  Both products are vanilla almond cereals that are marketed as containing vanilla and other natural flavors.  Both complaints allege that the marketing reflects consumer preferences for natural vanilla but actually contain artificial flavors.

As to the convenience factors, defendant is headquartered in California, relevant witnesses are in California, and other evidence is in California.  California is the location of material events, as defendant has posited that decision-making regarding the labeling and marketing of the product occurred in California.  Neither party has discussed the location of non-party witnesses, so the Court places more weight to the location of the party witnesses.  Named plaintiff is in Illinois, but he seeks to represent classes from Wyoming, Iowa, and Indiana.  Further, the overlap between this case and

the California case demonstrate the convenience of transferring the case. *See Aliano v. Quaker Oats Company*, No. 16 C 3087, 2017 WL 56638 at *3 (N.D. Ill. Jan. 4, 2017) (Pallmeyer, J.) (finding that convenience weighs in favor of transfer when faced with nearly identical actions). As to fairness and the interest of justice, the Court agrees with defendant that allowing both cases to proceed separately presents a risk of inconsistent outcomes and unfairly increases the burden on the federal court system. Given the location of defendant, it is more desirable to litigate this claim in California as opposed to Illinois.

Plaintiff claims that the product at issue here (vanilla almond granola cereal) is distinct from the product at issue in California (vanilla almond clusters cereal), but both complaints stem from the same marketing and labeling tactics: that the product does not actually contain natural vanilla (or only contains trace amounts of natural vanilla) and the labeling and marketing misleads plaintiffs. Plaintiff also argues that this complaint is different because it is brought under Illinois law while the California complaint is brought under California law. This argument is unavailing because plaintiff's California complaint includes claims on behalf of an Oregon class. There is no reason the California court cannot evaluate claims on behalf of an Illinois class. Further, this complaint is not just on behalf of Illinois plaintiffs; it is on behalf of Wyoming, Iowa, and Indiana plaintiffs as well. Plaintiff additionally argues that the manufacturers of cereal are all headquartered in the Midwest, closer to Illinois than in California. But the cereal manufacturers' locations did not stop plaintiff from bringing the California action then (which includes an Oregon class). Further, plaintiff's argument is speculative; he does not know what company manufactured the product.

The totality of the factors points to California's stronger nexus to the relevant events. The Northern District of California is a more convenient forum and it would serve the interests of justice to transfer the case there. Because the Court finds transfer proper under 28 U.S.C. § 1404, we do not address the arguments on the first-filed rule.

## IV. Conclusion

The Court, in its discretion, grants defendant's motion to transfer [8] under 28 U.S.C. § 1404.  **IT IS SO ORDERED**.

Date:  June 29, 2021                    Entered:  _____
                                        SHARON JOHNSON COLEMAN
                                        United States District Court Judge